IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY WILLIAMS,

    Plaintiff,

v.                                                                                                   No. 24-cv-0536-JCH-JMR

DEPARTMENT OF JUSTICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court *sua sponte* in connection with Plaintiff Jay Williams' opening Letter-Pleading Regarding False Claims Act, Murder, Embezzlement, Breach of Oath, and Slavery (Doc. 1) (Opening Pleading). Plaintiff is incarcerated and proceeding *pro se*. The Opening Pleading consists of one page. It lists various causes of action and seeks money damages. *See* Doc. 1 at 1. After filing the Opening Pleading, Plaintiff filed over 30 notices and motions. *See* Docs. 2-33. The notices and motions purport to issue an indictment against unspecified defendants and seek an emergency hearing on various matters. Most of the submissions also include a fact section describing the unspecified defendants' alleged criminal acts along with Plaintiff's conditions of confinement.

    "It is not the role of ... the court ... to sort through a ... complaint and voluminous exhibits ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014). *See also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun filings are "pernicious" because they "unfairly burden defendants and

courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing piecemeal pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").  Accordingly, the Court will strike the Opening Pleading and all motions/notices on file (Docs. 1-33) and direct Plaintiff to file a single, amended complaint within thirty (30) days of entry of this Order.

The amendment must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief.   It must also identify specific Defendants who were involved in the alleged wrongdoing.  "Collective allegations" regarding the alleged wrongdoing will not suffice.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  The amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.*  Within thirty (30) days of entry of his ruling, Plaintiff must also either prepay the $405 filing fee or alternatively, file a motion to proceed *in forma pauperis*.  Any *in forma pauperis* motion must attach an inmate account statement reflecting transactions for a six-month period.  *See* 28 U.S.C. § 1915(a)(2).  All filings must also include the case number (No. 24-cv-0536-JCH-JMR) and be labelled as "Legal Mail." If Plaintiff fails to comply with each directive above or if he continues to file piecemeal notices/motions rather than a single, amended complaint, the Court may dismiss this case without further notice.

   **IT IS ORDERED** that the Court **STRIKES** Plaintiff's Opening Pleading and all

motions/notices on file (**Docs. 1-33**).

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall: (1) file a single amended complaint that complies with the above instructions; and (2) prepay the $405 filing fee, or alternatively, file a motion to proceed *in forma pauperis* that attaches a six-month inmate account statement.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff another blank civil rights complaint and blank *in forma pauperis* motion.

_____
SENIOR UNITED STATES DISTRICT JUDGE