**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAY WILLIAMS,

    Plaintiff,

v.                                 No. 24-cv-0536-JCH-JMR

DEPARTMENT OF JUSTICE,

    Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

    This matter is before the Court following Plaintiff Jay Williams' failure to cure deficiencies as directed.  Plaintiff was incarcerated when this case was filed and is proceeding *pro se*.  He initiated the case by filing an opening Letter-Pleading Regarding False Claims Act, Murder, Embezzlement, Breach of Oath, and Slavery (Doc. 1) (Opening Pleading).  The Opening Pleading consists of one page; lists various causes of action; and seeks money damages.  Thereafter, Plaintiff filed over 30 notices and motions.  *See* Docs. 2-33.  The notices and motions purport to issue an indictment against unspecified defendants and seek an emergency hearing on various matters.  Most of the submissions also include a fact section describing the unspecified defendants' alleged criminal acts along with Plaintiff's conditions of confinement.

    By a Memorandum Opinion and Order entered July 15, 2024, the Court declined to consider substantive claims in Plaintiff's Opening Pleading or the various supplements, appendices, and motions.  *See* Doc. 34 (Screening Ruling).  The ruling explained that "[i]t is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action."  *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th

Cir. 2014) (citations omitted).   *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting complaint that "included everything but the kitchen sink"); *Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability").   Plaintiff was directed to file a single, amended pleading that complies with Fed. R. Civ. P. 8(a).   The Court also directed him to pay the $405 civil filing fee or, alternatively, file a motion to proceed *in forma pauperis*, as required by 28 U.S.C. § 1915.   The Clerk's Office mailed Plaintiff a blank civil rights complaint and a blank motion to proceed *in forma pauperis* to assist with his filings.   Plaintiff was warned that this case may be dismissed without further notice if he fails to comply with each directive in the Screening Ruling or if he continues to file piecemeal submissions rather than a single, amended pleading. *See* Doc. 34 at 2.

The deadline to file a single amendment and address the civil filing fee was August 14, 2024.   Plaintiff did not pay any filing fee or submit a motion to proceed *in forma pauperis*.   He also failed to file a single pleading that clarifies his grounds for relief.   Instead, Plaintiff filed a Notice that seeks habeas relief but does not state grounds for relief; a Notice seeking unspecified discovery; and an Amended Civil Rights Complaint.   *See* Docs. 35, 36, 37.   After submitting those filings, Plaintiff was released from custody, and he did not provide an updated address as required by local rule.   *See* Doc. 38 (returned mail envelope containing Plaintiff's file-stamped copy of his Amended Complaint and noting he was released); D.N.M. Local Civil Rule 83.6 ("All … parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses").

For all of these reasons, the Court will dismiss Plaintiff's recent filings (Docs. 35, 36, and

37) and this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, comply with orders, and comply with the *in forma pauperis* statute.   *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

**IT IS ORDERED** that Plaintiff Jay Williams' Notices and Amended Civil Rights Complaint (**Docs. 35, 36, and 37**) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE